UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE LORENZ JOHNSON-MATTHEWS, SR., *et al.* )<br><br>Plaintiffs )<br>)<br>vs. )<br>)<br>INDIANA FAMILY AND SOCIAL SERVICES )<br>ADMINISTRATION, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 1:06-CV-289 RM |

## OPINION AND ORDER

This is now the third attempt by Royce Lorenz Johnson, Sr., a *pro se* plaintiff, to file a civil rights complaint against the Indiana Family and Social Services Administration. In his prior two lawsuits he named 43 other defendants including the governor, judges, courts, state agencies, case workers, supervisors, and attorneys. In this case he names 49 other defendants including the governor, judges, courts, state agencies, case workers, supervisors, and attorneys. He has also filed a petition to proceed *in forma pauperis*.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

In <u>Johnson v. FSSA</u>, No. 1:06-CV-062 (N.D. IND. filed March 7, 2006), Mr. Johnson sought the reversal of his state criminal convictions pursuant to 28 U.S.C. § 2254, the reversal of state court rulings removing the custody of his children based in part on allegations that he is a paranoid schizophrenic who molested his 3 year old daughter, an

order directing the criminal prosecution of those who have wronged him by participating in his prosecution and the removal of his children, an order enjoining them from taking further actions against him, and ultimately monetary damages for their prior actions against him. In this court's order of dismissal, Mr. Johnson was informed that habeas corpus relief was not available in a civil rights case, that it was outside the jurisdiction of this court to reverse the state court decision to remove the custody of his children, and that it was not within the authority of this court to order the criminal prosecution of the defendants. Having dismissed his primary claims, the court found his other claims unclear and confusing. Because it was unclear that he understood or intended to pursue any of the secondary, undeveloped, confusing, potential claims, the case was dismissed without prejudice rather than placing him under a court-ordered deadline to file an amended complaint clarifying them.

In <u>Johnson v. FSSA</u>, No. 1:06-CV-231 (N.D. IND. filed June 12, 2006), Mr. Johnson filed a photocopy of the cause of action and statement of facts sections from the first lawsuit, but he modified the relief he sought. He abandoned his claims for habeas corpus relief and for criminal prosecution of the defendants, but he continued to seek the reversal of the state court rulings removing custody of his children. In this court's order of dismissal, Mr. Johnson was again informed that it was outside the jurisdiction of this court to reverse the state court decision to remove the custody of his children. This court again found any possible other claims which might exist within the photocopied portions from

2

the first complaint to be as confusing as they were in the original; and dismissed the case without prejudice.

Now, Mr. Johnson has filed a third complaint. It does not include any photocopied sections from his prior complaints and it does not seek habeas corpus relief nor criminal prosecution of the defendants. Neither does it explicitly request the reversal of the state court decisions removing custody of his children. Rather, it asks merely for a permanent injunction against the defendants preventing them from interfering

> with the god given freedoms granted to us within the U.S. Constitution. Filing this motion for a Rule to Show Cause As To Why The Respondent should Not Be Held In A Position Where They are not to be Restrained from the violations or illegal behaviors they have previously warned over, or complained against about.

Complaint at 20, docket # 1. Given that the factual recitation of this complaint discusses the state court proceedings to terminate his parental rights and his criminal prosecution, this prayer for relief can only reasonably be read as an ambiguous attempt to regain the custody of his children and obtain habeas corpus relief. As this court has twice told him, it is not within the jurisdiction of this court to reverse the state court decision to remove the custody of his children. *See Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) ("The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). *Also compare Moore v. Sims*, 442 U.S. 415 (1979) (the *Younger* doctrine precludes the removal of child custody cases.) As he has been told once before, Habeas corpus claims

3

cannot be brought in a civil right case and this court may not convert a § 1983 civil rights case into a habeas corpus case. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997).

Twice before, Mr. Johnson's complaints were dismissed without prejudice on the cautious possibility that he might have some undeveloped viable claim imbedded within the facts of his complaint. Twice he was given the opportunity to identify and amplify such claims if they existed. Once he was told that "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). It is now clear that Mr. Johnson's only interest is in pursuing custody of his children and relief from his convictions. This is not possible in this court or in this case, therefore his habeas corpus claims are DISMISSED WITHOUT PREJUDICE to his right to bring a habeas corpus action and the remainder of the complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED

ENTERED: August  24 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court